# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:07-cr-00081-RLH-PAL |
| vs. | **REPORT OF FINDINGS AND RECOMMENDATION** |
| MICHAEL J. SABO, | (M/Dismiss - #93) |
| Defendant. | (M/Dismiss - #94) |
| | (M/Suppress - #101) |

This matter was referred to the undersigned for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 on defendant's Motion to Dismiss Count 5 of the Second Superseding Indictment (#93); defendant's Motion to Dismiss Alleged Violations of 18 U.S.C. § 2 (#94); and defendant's Defendant's Motion to Suppress Custodial Statements (#101). The court has considered the motions, the Government's Omnibus Response (#105) which responded to seven separate defense motions filed in this case, and defendant's Reply (#106).

## BACKGROUND

At the time these motions were filed, the defendant was charged in a Second Superseding Indictment (#83) returned June 25, 2008 with attempting to obstruct or impede the due administration of the Internal Revenue laws in violation of 28 U.S.C. § 7212(a), false impersonation of an officer or employee of the United States in violation of 18 U.S.C. § 912, aiding and abetting in violation of 18 U.S.C. § 2, and tax evasion in violation of 26 U.S.C. § 7201. On August 27, 2008, a third superseding indictment was returned, charging Sabo with the same offenses, but making minor modifications to the charging allegations. Sabo appeared for arraignment and plea on September 5, 2008 and entered pleas of not guilty. During the hearing, counsel for Sabo indicated the third superseding indictment suffered

from the same defects she challenges in the two motions to dismiss, and she did not believe any additional briefing was required. The government concurred. The court will, therefore, apply the parties' arguments in these pending motions to the allegations contained in the Third Superseding Indictment (#107).

**I.     Motion to Dismiss Count 5 (#93)**

**BACKGROUND**

Sabo seeks to dismiss Count 5 of the superseding indictment which charges him with tax evasion for calendar years 1994 through 1998 on the grounds the statute of limitations for prosecution has run. He reasons that the statute of limitations for evasion begins to run from the occurrence of the last act necessary to complete the offense which is normally a tax deficiency. He contends that because the tax returns for the years in issue were due on April 15 of the following year, the six year statute of limitations ran before the second or third superseding indictments were returned.

The government responds that Paragraphs 4 through 24 of the second superseding indictment recite the factual allegations of defendant's acts of evasion which span a period of time from March 11, 1997 through September 21, 2005. In a footnote, the government indicates that the second superseding indictment contains a "scrivener's error" in drafting Count 5 which should state, "from on or about March 11, 1997 to on or about September 21, 2005, . . . ," and that the government intended to orally move for leave to amend the indictment to correct the date. The second superseding indictment alleged that Sabo evaded taxes "[f]rom on or about August 31, 2004." The third superseding indictment amended the allegations of Count 5 to clarify the government's theory that the acts of tax evasion occurred beginning on or about March 11, 1997 to on or about September 21, 2005.

Although the government cites no cases in support of its position, it argues that because September 21, 2005 is less than six years before the second superseding indictment was returned on June 25, 2008, the defendant's motion to dismiss should be denied. The government does not address Sabo's arguments that the statute of limitation begins to run on the date the taxpayer incurs a deficiency, normally April 15 of the year when a tax return is due.

/ / /

/ / /

Sabo replies that the second superseding indictment as plead does not place him on sufficient notice of the charges he must defend himself against if the government's theory is that he engaged in an ongoing scheme to evade income tax that began in 1997.

**DISCUSSION**

Count 5 of the second and third superseding indictment charges a violation of 28 U.S.C. § 7201 for tax evasion. To prove felony tax evasion under 28 U.S.C. § 7201, the government must establish: 1) the existence of a tax deficiency, 2) willfulness, and 3) an affirmative act of evasion or affirmative attempt to evade. United States v. Carlson, 235 F.3d 466, 468 (9th Cir. 2000), citing Spies v. United States, 317 U.S. 492 (1943). The third superseding indictment alleges Sabo evaded taxes from on or about March 11, 1997 to on or about September 21, 2005.

Sabo relies on United v. Carlson to support his argument the statute of limitations for tax evasion has run. There, the Ninth Circuit addressed statute of limitation issues in a prosecution under § 7201. The defendant was convicted of tax evasion and argued on appeal that the statute of limitations began to run when he committed the affirmative acts of tax evasion. The Ninth Circuit recognized that "the statute of limitations for evasion of assessment begins to run from the occurrence of the last act necessary to complete the offense, normally a tax deficiency." Id. at 470 (citations omitted). The Court of Appeals also recognized that normally a deficiency occurs on April 15 of a given year, when tax returns are due. The government charged the defendant with three counts of evasion of assessment of taxes for the years 1991, 1992, and 1993 in an indictment returned February 5, 1998. On August 20, 1998, the government filed a superseding indictment adding Counts 4 and 5 charging the defendant with evasion of payment of tax due for the years 1981, 1982, and 1983. The Ninth Circuit upheld his convictions on each of these counts, rejecting his statute of limitation arguments. With respect to the evasion of assessment charges for the years 1991, 1992, and 1993, the court agreed that defendant's tax returns for those years were due April 15, 1992, April 15, 1993, and April 15, 1994, respectively. Because the original indictment was brought on February 5, 1998, these charges were filed well within the six year statute of limitations.

The Ninth Circuit rejected the defendant's argument that the affirmative act element of the offense could not be based on conduct occurring outside of the statute of limitations, finding the

1  defendant was "effectively attempting to recast the statute of limitations as a rule limiting the
2  introduction of evidence," which prior Ninth Circuit precedent had rejected.  The court cited its earlier
3  decision in United States v. Musacchio, 968 F.2d 782, 790 (9th Cir. 1992), which held that a statute of
4  limitations is a procedural rule that requires charges to be brought within a certain period of time after
5  the completion of a crime that did not restrict the introduction of evidence to acts that occurred outside
6  the statute of limitations.  With respect to the defendant's challenges of his evasion of payment charges
7  for the years 1981, 1982, and 1983 counts which were added in the superseding indictment on August
8  20, 1998, the Ninth Circuit held that the six year statute of limitations for evasion of payment runs from
9  the last act of evasion, and that the government needed only to prove that the defendant had committed
10 at least one affirmatively evasive act after August 20, 1992.  Because Count 4 alleged conduct that was
11 well within the statute of limitations period as well as conduct that was well outside of it, the court
12 upheld the conviction.
13      Here, the third superseding indictment has alleged that the acts of tax evasion occurred from
14 March 11, 1997 to on or about September 21, 2005.  The government has alleged that at least one act of
15 tax evasion occurred within six years of the date of filing the third superseding indictment.  For this
16 reason, the court will recommend that Sabo's motion to dismiss Count 5 be denied.
17 **II.    Motion to Dismiss Alleged Violations of 18 U.S.C. § 2 (#94)**
18      Sabo seeks to dismiss Counts 3 and 4 of the second and third superseding indictments because
19 the charging allegations do not allege that anyone other than Sabo committed the offenses.  These
20 counts allege that Sabo impersonated a government agent.  Sabo argues they state no facts that would
21 support an aiding and abetting theory, because he cannot aid and abet himself.  Counsel for Sabo cites
22 United States v. Cruz-Ventura, 979 F.2d 146, 149 (9th Cir. 1992), for proposition that "an aider and
23 abetter is a person who knowingly and intentionally helps another to commit a crime."  He
24 acknowledges that under Ninth Circuit precedent, a principal need not be named or identified, but
25 argues the government must show that the offense was committed by someone, and that the defendant
26 intentionally did an act to help its commission, citing United States v. Lynch, 437 F.3d 902, 915 (9th
27 Cir. 2006) (en banc).  Because the government has not alleged that anyone other than Sabo committed
28 / / /

the offenses in Counts 3 and 4, he contends there are no facts that would support a conviction for aiding and abetting.

The government concedes that there is nothing in the indictment to indicate that Sabo aided or abetted anyone else but relies on the provisions of 18 U.S.C. § 2(b) to support the counts alleged in Counts 3 and 4.  The government cites United States v. Causey, 835 F.2d 1289, 1292 (9th Cir. 1987), for the proposition that the second subsection of 18 U.S.C. § 2 requires proof of criminal conduct on behalf of only one person, and that the government need not prove that someone other than the defendant was guilty of the substantive crime.  The government's theory is that Sabo's acts of getting the Clark County Recorder's Office to remove IRS tax liens filed against his property for unpaid federal income taxes aided and abetted a violation of 26 U.S.C. § 7212(a) – attempting to obstruct or impede the due administration of the Internal Revenue laws.  Although the Clerk's act of removing the liens did not violate any criminal statute because he or she lacked criminal intent or capacity, Sabo aided and abetted a violation of the law by causing the Clerk to remove the liens by pretending to be an IRS agent.

Title 18 U.S.C. § 2(b) provides:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

In United States v. Causey, the Ninth Circuit explained how § 2(b) is intended to apply to a person who causes the commission of an offense even though the person who completed the wrongful act violates no criminal statute because of lack of criminal intent or capacity.  Causey was convicted at trial on eighteen counts of aiding and abetting individuals to file false tax returns.  He filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence for aiding and abetting on the grounds the indictment and evidence against him was insufficient.  He also alleged that he was denied his right to counsel and/or received ineffective assistance of counsel at trial.  He appealed denial of his motion to the Ninth Circuit which rejected his claim the indictment was insufficient for failing to allege that the persons who actually submitted the tax returns knew they were false because this issue was not raised before trial, and Causey had not established ineffective assistance of counsel.  The Ninth Circuit also rejected his claim the evidence at trial was insufficient to convict him of eighteen counts of aiding and abetting because the government failed to allege and prove that the persons who submitted the false

1  tax returns knew they were false, holding "[t]his argument fails because it is immaterial to Causey's
2  conviction whether or not the taxpayers were shown to have intended to file false returns." Id. at 1291.
3     The Court of Appeals pointed out that Subsection (b) was added in 1948 to punish those who
4  caused innocent intermediaries to perform acts which are prohibited by law.  Causey was convicted of
5  aiding and abetting individuals to submit false income tax returns in violation of 18 U.S.C. § 287.  The
6  elements of a § 287 violation are 1) presenting a claim against the United States, and 2) knowing the
7  claim to be false.  It was undisputed that claims for tax refunds were submitted to the United States, and
8  the jury found that Causey caused those claims to be presented and knew they were false.  Thus, the
9  Ninth Circuit concluded he could be convicted of aiding and abetting because he caused the claims to
10 be presented with the requisite intent and that it was irrelevant under § 2(b), whether the taxpayers had
11 guilty knowledge when they submitted the claims.
12    In this case, the indictment alleges that Sabo aided and abetted a violation of law by causing an
13 innocent intermediary in the Clark County Recorder's Office to remove tax liens by falsely pretending
14 to be an IRS agent with authority to have the liens removed.  The court finds the indictment sufficiently
15 alleges Sabo aided and abetted in the commission of unlawful acts and will, therefore, recommend that
16 his motion to dismiss Counts 3 and 4 be denied.

17 **III.**  **Motion to Suppress Custodial Statements (#101)**
18    Sabo asserts that while he was still in custody and represented by the Office of the Federal
19 Public Defender, law enforcement Agent Vince Picardi from the Department of Treasury and another
20 unknown government agent interviewed him in the North Las Vegas Detention Center.  He is uncertain
21 of the date the interview occurred, but asserts it must have been sometime between May 1, 2007 and
22 approximately May 25, 2007.  During the interview, Picardi and the unknown other agent wanted to
23 talk about him cooperating and provided Sabo with a proposed cooperation agreement for his signature.
24 The agents did not provide *Miranda* warnings although they did mention he could ask to have his
25 lawyer present.  Sabo argues this conduct violated Fifth Amendment rights and Sixth Amendment right
26 to counsel.  Assuming *arguendo* that *Miranda* rights were administered, Sabo argues that he has
27 suffered from a well documented medical condition which would render any waiver of his *Miranda*
28 rights ineffective.  He seeks to have any statements made to agents during his interview at the North Las

Vegas Detention Center suppressed.  Additionally, unless the government is willing to stipulate that it will not use any statements he made during this interview, he requests a hearing to identify the agents who visited him so that they can be subpoenaed and cross examined to determine whether they obtained any evidence unlawfully.

The government responds that IRS agents spoke with Sabo while he was in custody about a separate investigation.  The government acknowledges that the agents did not provide Sabo with *Miranda* warnings, except to advise him of his right to an attorney.  However, the government affirmatively represents that Sabo made no inculpatory statements to the agents and there is, therefore, nothing to suppress.  During the hearing, counsel for the government again orally represented that Sabo made no admissions or inculpatory statements and that the government did not intend to offer any statements he made to IRS agents in the North Las Vegas Detention Center during its case in chief or for impeachment purposes.  Based on these representations, counsel for Sabo indicated she no longer had an issue with respect to the interview conducted at the North Las Vegas Detention Center.  The court will, therefore, recommend that the motion to suppress be denied as moot.

For all of the foregoing reasons,

**IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that:

1. Defendant's Motion to Dismiss Count 5 (#93) be DENIED;
2. Defendant's Motion to Dismiss Alleged Violations of 18 U.S.C. § 2 (#94) be DENIED;
3. Defendant's Motion to Suppress Custodial Statements (#101) be DENIED as moot.

Dated this 8th day of September, 2008.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE