**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:07-cr-00081-RLH-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL J. SABO, ) | (M/Notice of Intent - #96) |
| ) | (M/Preclude - #98) |
| Defendant. ) | (M/Extend - #102) |
| ) | |

This matter is before the court on defendant's Motion for Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) (#96); defendant's Motion to Preclude Use of the Term "Tax Protester" or Other Like Terms (#98); and defendant's Motion to Extend Deadlines to File Pretrial Motions and/or Dispositive Motions (#102). The court has considered the motions, the Government's Omnibus Response (#105) which responded to seven separate defense motions filed in this case, and defendant's Reply (#106). Defendant also filed a Motion for Oral Voir Dire (#97) to which the government responded in its Omnibus Response (#105) which is deferred to the District Judge.

**BACKGROUND**

At the time these motions were filed, the defendant was charged in a Second Superseding Indictment (#83) returned June 25, 2008 with attempting to obstruct or impede the due administration of the Internal Revenue laws in violation of 28 U.S.C. § 7212(a), false impersonation of an officer or employee of the United States in violation of 18 U.S.C. § 912, aiding and abetting in violation of 18 U.S.C. § 2, and tax evasion in violation of 26 U.S.C. § 7201. On August 27, 2008, a third superseding indictment was returned, charging Sabo with the same offenses, but making minor modifications to the charging allegations. Sabo appeared for arraignment and plea on September 5, 2008 and entered pleas

of not guilty. During the hearing, counsel for Sabo indicated the third superseding indictment suffered from the same defects she challenges in the two motions to dismiss, and she did not believe any additional briefing was required. The government concurred. The court will, therefore, apply the parties' arguments in these pending motions to the allegations contained in the Third Superseding Indictment (#107).

I.  **Motion for Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) (#96)**

Sabo seeks an order directing the government to provide notice thirty days in advance of trial of the general nature of any evidence of other crimes, wrongs, or acts which the government intends to introduce under Rule 404(b) of the Federal Rules of Evidence. He cites United States v. Heatley, 994 F. Supp. 483, 491, (S.D.N.Y. 1998), for the proposition that the government's offer to make disclosures within ten days of trial was inadequate notice.

The government responds that the court's July 3, 2008 Order Regarding Pretrial Procedure governs the parties' discovery obligations and that the government has fully complied with the terms of the joint discovery agreement the parties entered into on May 8, 2007. The Joint Discovery Agreement does not address the timing of disclosure of Rule 404(b) evidence. However, the Rule itself provides that "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, . . ." The United States argues that the purpose of the Rule is to reduce surprise and promote early resolution of admissibility of evidence, and that there is no bright line rule establishing what advance notice is reasonable. Counsel for the government states he has not yet identified which evidence, if any, he will offer under Rule 404(b), but is mindful of the notice requirements of the Rule, and if the United States intends to introduce other acts or evidence, it will provide notice to the defendant ten days prior to trial unless otherwise ordered by the court.

Sabo replies that there is no reason that the government cannot provide Rule 404(b) evidence thirty days prior to trial and that disclosure ten days before trial runs the risk that counsel for Sabo will need to request additional time to research and investigate the additional evidence.

/ / /

1   Rule 404(b) of the Federal Rules of Evidence requires the government to provide "reasonable
2   notice in advance of trial" if it intends to introduce evidence of other crimes, wrongs, or acts for some
3   admissible purpose.  The Rule also permits notice during trial "if the court excuses pretrial notice on
4   good cause shown."  Sabo's motion requests that the court order the government to disclose any intent
5   to admit Rule 404(b) evidence thirty days in advance of trial, and the government has responded that it
6   has not yet determined whether it will seek to introduce any evidence under Rule 404(b), but will
7   provide ten days notice in advance of trial.  Sabo does not assert that he anticipates the government will
8   seek to introduce Rule 404(b) evidence, or that this case is so complex that he requires thirty days
9   notice in advance of trial to prepare a response to anticipated testimony.  Without knowing whether the
10  government will actually seek to introduce Rule 404(b) evidence, and if so, the nature of the evidence,
11  the court cannot make an informed decision about what notice is reasonable in advance of trial.  As a
12  practical matter, if the government seeks to introduce evidence under Rule 404(b), and ten days
13  advanced notice is inadequate for the defendant to respond to the proposed evidence, the defendant's
14  remedy is to seek a continuance.  If this occurs, the government risks raising the ire of the District Judge
15  for delaying the trial.  Sabo's motion for thirty days advanced notice of the government's intent to
16  introduce Rule 404(b) evidence is, therefore, denied.

17  **II.     Motion to Preclude Use of the Term "Tax Protester" or Other Like Terms (#98)**

18  Sabo seeks an order preventing the government from referring to Sabo as a "tax protester," or
19  similar term at trial.  Government counsel has referred to Mr. Sabo in other hearings as a tax protester.
20  Sabo fears the government will refer to him by this and other derogatory terms before the jury.  He
21  argues that the term tax protester is a derogatory term, and an inadmissible comment on his character,
22  citing Federal Rule of Evidence 404(a).
23  The government responds that it does not intend to categorize the defendant as a tax protester,
24  but does intend "to characterize the documents submitted by the defendant to the IRS as consistent with
25  other documents submitted by tax protesters."  Sabo replies that the distinction the government is
26  attempting to make is lost on defense counsel and illustrates the necessity of filing this motion.
27  As the government has conceded it does not intend to use the term "tax protester" to describe
28  Mr. Sabo, the court will grant the motion *in limine*, reserving for the trial judge the admissibility of

individual questions asked to describe the conduct the government alleges Sabo engaged in which support the charges alleged in the indictment.

### III. Motion to Extend Deadlines to File Pretrial Motions and/or Dispositive Motions (#102)

During the initial appearance and arraignment and plea on the third superseding indictment, counsel for Sabo indicated she intended to file a discovery motion requesting production of *Brady* materials, but did not believe any additional pretrial motions were necessary. She indicated she would have her *Brady* motion on file by the end of the business day, and the court granted her leave to do so. This motion is, therefore, denied as moot.

Having reviewed and considered the moving and responsive papers,

**IT IS ORDERED:**

1. Defendant's Motion for Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) (#96) is GRANTED in part and DENIED in part. The defendant's request for thirty days notice in advance of trial is DENIED, however, the government having agreed to do so, shall provide notice of intent to introduce evidence under Rule 404(b) ten days in advance of trial.

2. Defendant's Motion to Preclude Use of the Term "Tax Protester" or Other Like Terms (#98) is GRANTED, but shall not preclude the government from attempting to elicit testimony describing the acts alleged to support the crimes charged.

3. Defendant's Motion to Extend Deadlines to File Pretrial Motions and/or Dispositive Motions (#102) is DENIED as moot.

Dated this 9th day of September, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE